## CIRCUIT COURT OF LANCASTER COUNTY

Kilmar, Ltd.,
and Gay Ann Yanok

   v.

Kilmarnock Associates, L.P.,
and Thomas W. Wright

September 15, 1993

By Judge Joseph E. Spruill, Jr.

We have for consideration the motion of Ameribanc Savings Bank, F.S.B., to quash a garnishment summons issued to Richmond Newspapers, Inc., as garnishee, requiring it to pay into court certain sums it owes the judgment debtors, Kilmarnock Associates, L.P., and Thomas W. Wright.

In September, 1990, Ameribanc made a loan to the judgment debtor evidenced by a promissory note secured by a duly recorded deed of trust and an assignment of rents on property leased by the judgment debtor to the garnishee, Richmond Newspapers, Inc.

In October, 1990, Kilmar, Ltd., and Gay Ann Yanok obtained judgment against Kilmarnock Associates and Wright. On May 13, 1993, a garnishment summons was issued and was served on Richmond Newspapers, Inc., on May 18, 1993. On May 19, 1993, Ameribanc, pursuant to the terms of its assignment of rents, notified the judgment debtor that it was revoking his right to collect and receive rents from Richmond Newspapers, Inc. On May 26, 1993, Ameribanc notified Richmond Newspapers, Inc., of this revocation.

Richmond Newspapers has forwarded its rents for the period covered by the garnishment summons to the Clerk of the Lancaster County Circuit Court where they are presently being held pending resolution of this issue.

On June 23, 1993, Ameribanc petitioned to intervene and moved to quash the garnishment summons.

Yanok argues that any assignment of rents from Kilmarnock to Ameribanc did not occur until May 19, 1993, the date Ameribanc revoked Kilmarnock's authority to receive rent. It follows, argues Yanok, that the rents due by the garnishee between its date of issuance and the return date are funds which she, as creditor of Kilmarnock, can reach.

Yanok points to the terms of the assignment of rents which allows Kilmarnock to collect the rents and authorizes the lender to revoke this right only upon an event of default. This shows, argues Yanok, an intent that Kilmarnock retain control over the rents until notified otherwise. We find, however, as Ameribanc has argued, that Virginia Code § 55–220.1 controls here. This statute provides that the recordation of the assignment of rents fully perfects the interests of the grantee (Ameribanc) as to the assignor and all third parties without the necessity of notice to the assignor or lessee. This means that Ameribanc's interest was perfected in September, 1990. It is not necessary under this statute that notice be given to Kilmarnock or to the tenant in order for Ameribanc's interest to be perfected. It seems the clear intent of the legislature here is to protect the interests of a secured party in rents assigned to it when such assignment is duly recorded.

Further, I find merit to Ameribanc's contention that even if § 55–220.1 were not controlling here, after May 19, 1993, Kilmarnock had no right to receive the rents, and thus from that date forward, there were no funds due the judgment debtor by the garnishee.

Accordingly, the motion to quash the garnishment summons is granted.